## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

ZELMA VIDDAURRI,

                Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

                Defendant.

Case No. 09-CV-525-GKF-FHM

## REPORT AND RECOMMENDATION

Plaintiff, Zelma Viddaurri, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]   The matter is before the undersigned United States Magistrate Judge for Report and Recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to determining whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's May 2, 2006, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Charles Headrick was held August 12, 2008.  By decision dated February 26, 2009, the ALJ entered the findings that are the subject of this appeal.  The Appeals Council denied Plaintiff's request for review on June 17, 2009.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S.

197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment

for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d

799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if

supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v.*

*Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 50 years old on the date of onset of disability and was 55 on the date

of the ALJ's decision.  She has an eleventh grade education and formerly worked as a

housekeeper.  She claims to have been unable to work since January 30, 2004, as a result

of sacroiliitis, degenerative disc disease, diabetes, and psoriasis.  The ALJ determined that

Plaintiff is capable of performing her past relevant work as a housekeeper at the light level

of exertion as that work is generally performed.  [Dkt. 13-2, p. 17].  Based on the testimony

of a vocational expert, the ALJ made an alternative finding that there are other jobs in the

economy which Plaintiff could perform.  The case was thus decided at step four of the five-

step evaluative sequence with an alternative step five finding.  *See Williams v. Bowen*, 844

F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## The Parties' Positions

Plaintiff asserts that the ALJ's determination is not supported by substantial

evidence.  Specifically, Plaintiff argues that: the ALJ failed to perform the required analysis

of the demands of her past work at step four; proper application of the Medical Vocational

Guidelines (Grids) at step five results in a finding of disabled; and the residual functional capacity (RFC) finding for a full range of light work is not supported by the record.

The Commissioner states he agrees that "the ALJ's alternative step five finding supported a finding of not disabled from the beginning of the relevant period, May 8, 2004, until Plaintiff's 55th birthday in 2009, but not after her birthday." [Dkt. 23, p. 2].   The Commissioner thus agrees that the case should be remanded for further proceedings if the decision is based on the ALJ's step five determination.   However, the Commissioner asserts that the decision should be affirmed because the ALJ properly determined at step four that Plaintiff could return to her past relevant work and was therefore not disabled.

## Analysis

The undersigned United States Magistrate Judge finds that the ALJ did not properly perform the required analysis for a decision at step four of the evaluative sequence. Therefore the undersigned recommends that the ALJ decision be reversed and the case remanded to the Commissioner for further development and discussion of the requirements of Plaintiff's past work as a hotel housekeeper.

Social Security Ruling (SSR) 82-62, 1982 WL 31386 addresses the policy and procedures for determining a claimant's capacity to do past relevant work.   The ruling states that the rationale for a disability discussion must be written so that a clear picture of the case can be obtained.   The rationale must follow an orderly pattern and show clearly how specific evidence leads to a conclusion.   *Id.* at *4.   In finding that a claimant has the capacity to return to past relevant work, the determination must contain the following specific findings of fact: 1) the individual's RFC; 2) the physical and mental demands of the past work; and 3) that the individual's RFC would permit a return to the past work.   *Id.*

Although the decision contains the requisite findings, the ALJ's discussion of those findings was not sufficient.  The ALJ found that Plaintiff could do the "full range" of light work, the vocational expert testified that Plaintiff's past work as usually performed was in the category of light work, and from that the ALJ concluded that Plaintiff could perform that work.  The problem with these findings is the ALJ provided no elaboration on the exact requirements of Plaintiff's particular job and no elaboration of those requirements is found in the vocational expert's testimony.  In *Winfrey v. Chater*, 92 F.3d 1017, 1025 (10th Cir. 1996), the Court stated that such an approach may be acceptable at step five where the question is whether there are <u>any</u> jobs in the economy that Plaintiff can perform.  At step four, however, it is necessary to inquire and make findings as to the specific demands of the claimant's particular jobs because the scope of jobs is so limited.  Here there is only one such job and the only thing that the ALJ said about that 2job is that it is light work.

Plaintiff testified that she does not vacuum and that the side-to-side twisting motion of sweeping, mopping, and raking causes pain which she indicated her doctor said she should avoid. [Dkt. 13-2, p. 35].  The RFC assessment of the non-examining agency physicians indicates Plaintiff is capable of light work with no postural limitations such as stooping, kneeling, or crouching.  That assessment also contains the following information in the narrative portion of the report which is summarized from the medical evidence: "Clt had a internist exam that revealed upper extremities full rom w/ the exception of clts back." [Dkt. 13-8, p. 3].  The reviewers also noted, "lumbar flexion of 45 degree (90) with pain." *Id.* at 4.  These observations are consistent with those of consultative examiner Beau C. Jennings, D.O. who examined Plaintiff after the agency physicians performed their review.

Dr. Jennings reported he performed range of motion testing and the "effort was obviously poor." [Dkt. 13-8, p. 61].  He also completed a Medical Source Statement of Ability to do Work-Related Activities (Physical) where he noted Plaintiff had the ability to perform the lifting and carrying requirements of light work.  *Id.* at 66.  He found Plaintiff could walk and stand two hours at a time without interruption and could walk a total of five hours per day and could stand a total of five hours per day.  *Id.* at 67.  He found Plaintiff could reach and handle up to two-thirds of a work day, and could stoop, kneel and crouch up to one-third of a workday.  *Id.* at 68, 69.  The only thing the ALJ said about Dr. Jennings' assessment was that Dr. Jennings noted Plaintiff's poor effort and "completed a medical source statement indicating that claimant could perform light work." [Dkt. 13-2, p. 17].  The ALJ did not discuss Dr. Jennings opinion that Plaintiff was limited in the amount of time she could walk or stand at one time or that her ability to stoop and kneel was limited.  The ALJ generally determined the work of a hotel housekeeper fell within the light exertional level but the ALJ did not take the further required step of discussing the particular requirements of that job.  The record is silent at to the actual amount of walking, standing, stooping, kneeling, and reaching required.

Social Security Ruling 82-62 and *Winfrey* require the ALJ to inquire about these requirements and to address them in the decision.  Since the ALJ failed to perform these tasks and since the ALJ did not fully discuss Dr. Jennings' opinion, the undersigned

recommends that the ALJ's decision be reversed and the case remanded for further proceedings.[2]

## **Conclusion**

Based on the foregoing analysis, the undersigned United States Magistrate Judge RECOMMENDS that the ALJ decision be REVERSED and the case REMANDED to the Commissioner for further proceedings in accordance with this report and recommendation.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before December 6, 2010.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate

---

[2] The undersigned notes that on remand a more thorough discussion of the credibility determination will be necessary. Plaintiff testified that she takes the pain medication, Darvocet, and that it makes her drowsy. [Dkt. 13-2, p. 38]. The decision contains no discussion of Plaintiff's medication or the alleged side effects as required by the regulations and case law. *Luna v. Bowen*, 834 F.2d 161, 165-66 (10th Cir. 1987)(consideration of dosage and effectiveness and side effects of medications among the factors to be considered in making a credibility determination)., *Kepler v. Chater*, 68 F.3d 387, 391 (10th cir. 1995)(express findings required with references to relevant evidence pertaining to factors considered in credibility determination).

review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).  Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 22nd day of November, 2010.


_Frank H. McCarthy_____

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE