IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZELMA VIDDAURRI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CV-525-GKF-FHM |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner, Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the court is the Report and Recommendation ("R&R") of United States Magistrate Judge Frank H. McCarthy. (Dkt. #24). No objections were filed to the R&R. The R&R is a judicial review of the decision of the Commissioner of the Social Security Administration to deny plaintiff Zelma Viddaurri's claim for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act ("SSA"), 42 U.S.C. §§ 1382c(a)(3)(A).

The court has reviewed the R&R to determine "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is more than a scintilla, but less than a preponderance. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). The court must "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

At step four of the SSI determination, the Administrative Law Judge ("ALJ") must "make specific findings about the mental and physical demands of the jobs at issue and to evaluate the claimant's ability to meet those demands." *Winfrey v. Chater*, 92 F.3d 1017, 1025 (10th Cir. 1996). The ALJ "must make the required findings on the record, including his own evaluation of the claimant's ability to perform his past relevant work." *Id*. The ALJ did not specifically address what range of motion was required for plaintiff's past work as a housekeeper. The ALJ also did not address Dr. Jennings' assessment of plaintiff's limited ability to stoop, kneel, and crouch for extended periods of time, or how these limitations would affect the plaintiff's ability to work as a housekeeper. The court finds sufficient factual and legal basis for Magistrate Judge McCarthy's determination that the ALJ failed to fully discuss Dr. Jenning's opinion, and did not adequately address the specific requirements of plaintiffs' past employment at step four.

For the reasons set forth above, the Report and Recommendation of the Magistrate Judge (Dkt. #24) is accepted and the decision of the ALJ denying plaintiff's applications for benefits is reversed and remanded for further proceedings in accordance with the R&R.

IT IS SO ORDERED this 8th day of December, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma